A CERTIFIED TRUE COPY

AUG 17 2007

ATTEST
FOR THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

A true and certified copy.
This Aug. 29, 20 07
GREGORY J. LEONARD, CLERK
U.S. DISTRICT COURT, M.D. Ga.
By Elizabeth Long
Deputy Clerk

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

AUG 17 2007

FILED
CLERK'S OFFICE

# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

IN RE: TYSON FOODS, INC., FAIR LABOR
STANDARDS ACT LITIGATION

MDL No. 1854

## TRANSFER ORDER

**Before the entire Panel**[*]: Defendants Tyson Foods, Inc; Tyson Chicken, Inc.; and Tyson Farms, Inc. (collectively Tyson) have moved, pursuant to 28 U.S.C. § 1407, to centralize this litigation in the Northern District of Alabama. Plaintiffs in the Middle District of Georgia *McCluster* action support centralization in Western District of Arkansas or, alternatively, the Northern District of Georgia. Plaintiffs in seventeen actions oppose centralization; in the alternative, these plaintiffs suggest the Western District of Arkansas as an appropriate transferee forum.

This litigation currently consists of eighteen actions listed on Schedule A and pending in ten districts as follows: four actions each in the Northern District of Alabama and the Southern District of Mississippi; three actions in the Middle District of Georgia; and one action each in the Western District of Arkansas, the Southern District of Indiana, the Western District of Kentucky, the District of Maryland, the Western District of Missouri, the Eastern District of Oklahoma, and the Eastern District of Texas.[1]

On the basis of the papers filed and hearing session held, we find that these eighteen actions involve common questions of fact, and that centralization under Section 1407 in the Middle District of Georgia will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. All actions share questions of fact arising out of similar allegations that certain Tyson employees are entitled to compensation under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, *et seq.* Centralization under Section 1407 will eliminate duplicative discovery; prevent inconsistent rulings on pretrial motions, including those with respect to certification of collective actions; and conserve the resources of the parties, their counsel and the judiciary.

---

[*] Judge Scirica took no part in the disposition of this matter.

[1] In addition to the eighteen actions now before the Panel, the parties have notified the Panel of two related actions pending in the Middle District of Georgia. These actions and any other related actions will be treated as potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001).

Case 1:07-cv-00141-LJM-TAB   Document 53   Filed 09/04/07   Page 2 of 8 PageID #: 810

Objecting plaintiffs assert that centralization under Section 1407 is unnecessary because the actions do not present significant overlapping issues of fact, since the actions will likely depend on facts unique to each Tyson plant at which plaintiffs worked. We respectfully disagree. Transfer under Section 1407 does not require a complete identity or even a majority of common factual or legal issues as a prerequisite to transfer. Regardless of any differences among the actions, they raise common factual questions regarding Tyson's employment practices and compliance with the FLSA. Centralization under Section 1407 has the salutary effect of placing all actions in this docket before a single judge who can formulate a pretrial program that: (1) allows discovery with respect to any non-common issues to proceed concurrently with discovery on common issues, *In re Joseph F. Smith Patent Litigation*, 407 F.Supp. 1403, 1404 (J.P.M.L. 1976); and (2) ensures that pretrial proceedings will be conducted in a streamlined manner leading to the just and expeditious resolution of all actions to the overall benefit of the parties and the judiciary.

We are aware that some of the actions in MDL No. 1854 have more litigation history than the other actions, and it may well be that some actions in MDL No. 1854 may be ready for trial in advance of the remaining actions. If such is the case, nothing in the nature of Section 1407 centralization will impede the transferee court, whenever it deems appropriate, from recommending Section 1407 remand. *See* Rule 7.6, R.P.J.P.M.L., 199 F.R.D. 425, 436-38 (2001); *In re Acacia Media Technologies Corp. Patent Litigation*, 360 F.Supp.2d 1337 (J.P.M.L. 2005).

The Middle District of Georgia is an appropriate transferee forum for this docket. Three actions and two potential tag-along actions are pending there. In addition, this district has general docket conditions permitting us to effect the Section 1407 assignment to a court with the resources available to manage this litigation.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the Middle District of Georgia are transferred to the Middle District of Georgia and, with the consent of that court, assigned to the Honorable Clay D. Land for coordinated or consolidated pretrial proceedings with the actions pending in that district and listed on Schedule A.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

D. Lowell Jensen          J. Frederick Motz
Robert L. Miller, Jr.      Kathryn H. Vratil
David R. Hansen           Anthony J. Scirica*

**IN RE: TYSON FOODS, INC., FAIR LABOR
STANDARDS ACT LITIGATION**  MDL No. 1854

### SCHEDULE A

<u>Northern District of Alabama</u>

Sheila Ackles, et al. v. Tyson Foods, Inc., C.A. No. 1:06-2249
Carol Ann Buchanan, et al. v. Tyson Chicken, Inc., et al., C.A. No. 1:06-4930
Florence Dobbins, et al. v. Tyson Chicken, Inc., et al., C.A. No. 4:06-4912
Roosevelt Potter, et al. v. Tyson Chicken, Inc., et al., C.A. No. 4:06-4931

<u>Western District of Arkansas</u>

Levette Adams, et al. v. Tyson Foods, Inc., C.A. No. 4:07-4019

<u>Middle District of Georgia</u>

Deltha McCluster, et al. v. Tyson Foods, Inc., C.A. No. 4:06-143
Sharon Mitchell v. Tyson Foods, Inc., C.A. No. 5:07-35
Wanda L. Atkins, et al. v. Tyson Foods, Inc., C.A. No. 5:07-84

<u>Southern District of Indiana</u>

Ava Joyner v. Tyson Foods, Inc., C.A. No. 1:07-141

<u>Western District of Kentucky</u>

Janet Garrett v. Tyson Foods, Inc., C.A. No. 4:07-15

<u>District of Maryland</u>

Thomas Lee White v. Tyson Foods, Inc., C.A. No. 1:07-279

<u>Southern District of Mississippi</u>

Princess Brown v. Tyson Foods, Inc., C.A. No. 3:07-53
Addie Jones, et al. v. Tyson Foods, Inc., et al., C.A. No. 3:07-80
Lillie Williams, et al. v. Tyson Foods, Inc., et al., C.A. No. 3:07-87
J.D. Walton, et al. v. Tyson Foods, Inc., et al., C.A. No. 5:07-28

Case 1:07-cv-00141-LJM-TAB   Document 53   Filed 09/04/07   Page 6 of 8 PageID #: 814

- A2 -

**MDL No. 1854 Schedule A (Continued)**

    <u>Western District of Missouri</u>

Pamela Woodworth v. Tyson Foods, Inc., C.A. No. 3:07-5013

    <u>Eastern District of Oklahoma</u>

Carol Balch, et al. v. Tyson Foods, Inc., C.A. No. 6:07-63

    <u>Eastern District of Texas</u>

Winfred Earl v. Tyson Foods, Inc., C.A. No. 9:07-103